IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

NATE A. LINDELL,

                Plaintiff

v.

GARY BOUGHTON, LEBBEUS BROWN,
C.O. SHAWN GALLINGER, and
MARK KARTMAN,

                Defendants.

OPINION AND ORDER

Case No.  18-cv-895-slc
_____

*Pro se* plaintiff Nate A. Lindell is proceeding in this lawsuit under 42 U.S.C. § 1983, against defendants Boughton, Brown, Gallinger, and Kartman on Eighth Amendment claims for their alleged failure to protect him from being shanked on October 8, 2018, at the Wisconsin Secure Program Facility (WSPF) by another prisoner, Jesse Keith.  Lindell is also proceeding against Kartman on a First Amendment retaliation claim for his decision to transfer him immediately to the Green Bay Correctional Institution (GBCI).  Lindell has two motions under advisement: (1) an April 1 (or 19, it's hard to read), 2020 motion for clarification and reconsideration of the court's April 1, 2020, order (dkt. 73); and (2) an April 28, 2020 motion to modify the litigation schedule (dkt. 76).  I am denying Lindell's motion for clarification and reconsideration, and I am granting in small part Lindell's motion to modify the litigation schedule.

**Motion for clarification and reconsideration**

Lindell asks for reconsideration with respect to two aspects of the April 1, 2020, order.  *First,* Lindell seeks reconsideration of my order directing defendants to turn over

1

inmate complaints and documents related to violent incidents that took place between April 8, 2018, and October 8, 2018. Lindell asserts that this timeframe is too short for him to collect evidence related to defendants' awareness of violence among prisoners on administrative confinement status. Lindell also adds that without documents prior to April 8, 2018, he has not been able to identify defendant Doe 1. However, as I explained in the April 1, 2020, order, this time frame makes sense because Lindell's claim in this lawsuit stem from a May 2018 change to WSPF's approach to handling prisoners on administrative confinement status going through the PACE program. (Dkt. 70 at 4-5.) Specifically, Lindell alleged that in May 2018, WSPF started requiring prisoners in the PACE program to participate in recreation periods with other prisoners to progress through the program and into general population. With respect defendant Doe 1, I allowed him to proceed against this individual because he allegedly was a supervisor who was aware of a June 2018 recovery of weapons and had knowledge of prisoner on prisoner attacks, but still failed to modify the PACE program to prevent assaults during recreation periods. Lindell does not adequately explain why he needs reports about prisoner assaults prior to April 2018 to prove his deliberate indifference claim against Doe 1.

More importantly, Lindell cannot revive his claim against Doe 1: I already dismissed Doe 1 from this lawsuit because Lindell did not identify him by the November 15, 2019, deadline, nor he seek an extension of that deadline. Furthermore, Lindell didn't file his motion to compel seeking these materials that allegedly would have helped him identify Doe 1 until January 24, 2020 (dkt. 47), well beyond his November 15, 2019, deadline.

2

Lindell does not explain why he did not make any effort to come to the court with this issue sooner. Therefore, even assuming expanding the time frame of the inmate complaints and documents related to prisoner violence would help Lindell identify Doe 1, Lindell has not shown good cause for his failure to pursue this information earlier.

*Second*, Lindell asks that I reconsider denying his request that his expert, Dr. Zigmond, have access to the video footage of his assault. However, Lindell still has not explained *why* his expert needs to review the video at this stage in the litigation, nor has he represented that Dr. Zigmond has requested to review the footage to provide an expert opinion in this lawsuit. Lindell says that Zigmond and his colleague need the footage to understand how the nature of his confinement at WSPF fostered a violent environment, but Lindell has not explained why the video footage of the stabbing itself would accomplish that goal. Furthermore, Lindell has not disclosed Dr. Zigmond as an expert witness in this case, and he has not said that the reason for that failure is because Dr. Zigmond could not review the footage. Accordingly, I see no reason to reconsider either finding from the April 1 order, and I'm denying this motion.

**Motion to modify the litigation schedule (dkt. 76)**

Lindell seeks extensions of three deadlines: (1) the November 15, 2019, deadline for him to identify defendant John Doe 1 because he has outstanding discovery requests related to his identity, (2) the March 20 2020, expert witness disclosure deadline, and (3) the May 15, 2020, dispositive motion deadline.

3

Starting with the deadline for him to identify defendant Doe 1, to reiterate, I dismissed Doe 1 in the April 1, 2020, order because Lindell had not identified him by the November 15, 2019, deadline, nor had he sought an extension of that deadline. (Dkt. 70 at 2.) As explained above, Lindell could have collected discovery with respect to Doe 1's identity, but he did not. Further, defendants represent that Lindell's outstanding discovery requests do not include questions seeking Doe 1's identity, and instead seek information about whether defendants knew that another prisoner had reason to know that Keith would stab Lindell. Accordingly, because Lindell has not justified his failure to identify Doe 1 by the November 15, 2019, deadline, I will not extend it.

As for the March 20, 2020, expert disclosure deadline, Lindell says that his institution was on lockdown status between November 8, 2019, and December 24, 2019, but he provides no explanation as to how lockdown procedures prevented him from preparing his expert witness disclosure. Lindell's other filings that mention his expert, Dr. Zigmond (dkt. 59), suggest that he had the ability to communicate with Dr. Zigmond and to prepare his disclosure during the lockdown. Furthermore, Lindell does not explain why, since December 24, 2019, he has not been able to prepare and file his disclosure, nor why he waited until April 28, 2020, to seek an extension of the March 20, 2020, disclosure deadline. Accordingly, I will not extend the March 20, 2020, deadline.

Finally, Lindell seeks to extend the May 15, 2020, dispositive motion deadline until August 28, 2020, in light of the COVID-19 pandemic. Defendants join that request, explaining that defendants and their witnesses will not be able to devote sufficient

resources to preparing a comprehensive summary judgment motion. Although I agree that an extension is appropriate in light of the challenges the pandemic poses in litigation generally, and for DOC employees and prisoners in particular, this court is making every effort it can to keep trial schedules intact, and that effort includes the December 7, 2020, trial date in this case. Accordingly, I will extend the dispositive motion deadline to **July 15, 2020**, with the understanding that this deadline may be extended again if the circumstances warrant it.

### ORDER

IT IS ORDERED that:

1) Plaintiff Nate Lindell's motion for clarification and reconsideration (dkt. 73) is DENIED.

2) Plaintiff's motion to modify schedule of litigation (dkt. 76) is GRANTED in part and DENIED in part.

3) The dispositive motion deadline is extended to **July 15, 2020.**

Entered this 11th day of May, 2020.

BY THE COURT

/s/

STEPHEN L. CROCKER
Magistrate Judge