IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

NATE A. LINDELL,

                Plaintiff

v.

GARY BOUGHTON,
LEBBEUS BROWN,
C.O. SHAWN GALLINGER, and
MARK KARTMAN,

                Defendants.

OPINION AND ORDER

Case No. 18-cv-895-slc
_____

      The court recently reset the trial schedule in this case, and since then plaintiff Nate Lindell has renewed his motion for assistance in recruiting counsel (dkt. 145), renewed his motion for leave to proceed on a second amended complaint (dkt. 148), and has raised concerns that he does not have access to his legal materials (dkt. 150, 154). I address each in turn:

      First, Lindell again asks the court to recruit counsel for him, this time explaining that he had COVID-19 symptoms and had been quarantined. Lindell adds that he continues to suffer from PTSD related to the assault that is the basis of his claims in this lawsuit. Lindell's submissions and demeanor during the November 10, 2020 telephonic conference -- when Lindell was testing positive for COVID-19 -- demonstrate the opposite. I am sympathetic to Lindell's diagnosis and to the impact that this assault has had on his mental health, but Lindell's more recent submissions confirm that he is tracking this lawsuit closely and is prepared to litigate it. As I have said before, Lindell is not one of the few prisoners that require this court's assistance in recruiting counsel. I am denying his renewed motion for assistance in recruiting counsel.

Second, Lindell again seeks to proceed on a second amended complaint, including a claim against Officer Dustin Jaynes, because the court reset the trial schedule and "afforded the parties more discovery." (Dkt. 148.) The court did not reopen discovery and Lindell still has not shown good cause for failing to seek to proceed against Jaynes back in January of 2020, when defendants explicitly identified Jaynes as the person who searched Keith prior to the attack. (*See* 10/16/2020 Order (dkt. 127) 8.) To the extent that Lindell is renewing his request because he believes the additional time before trial mitigates any prejudice to defendants, his belief is misplaced. Again, if I grant Lindell leave to proceed on a claim against Jaynes, defendants will have to devote additional resources to this case, including another round of dispositive motions. Allowing this proposed amendment at this time would unfairly prejudice defendants, I will deny Lindell's renewed motion to proceed on a second amended complaint.

Third, Lindell has raised concerns that he does not have access to his legal materials because he was placed in restrictive housing pending investigation of a conduct report filed against him. It appears that Lindell was charged with assault after he was attacked by another prisoner in mid-December. Defendants responded to Lindell's first letter by reporting that Lindell no longer is placed in restrictive housing but his legal papers have not been returned to him. Lindell reports that he may be transferred to another institution because he was the victim of another assault, and he is concerned that his legal materials will be lost during a transfer. That's a valid concern.

But Lindell is not proceeding on any claims related to his access to his legal materials or to his placement at Columbia, so I will not take any action with respect to either issue

at this time. That said, as this lawsuit draws closer to the March 26, 2021 pretrial filings deadline, Lindell must have adequate access to the legal papers he needs to prepare for trial. I expect Columbia to make this happen this without a court order, but I will issue an order upon a showing that Lindell has not been provided timely access to the materials he needs to prepare for trial. Toward this end, I am requiring a status report in early March apprising the court as to (1) Lindell's placement, and (2) whether Lindell has possession of, or access to, his legal papers related to this lawsuit. In the meantime, I will not interfere with the manner in with DOC officials manage Lindell's placement and property. As Lindell well knows, if he believes his current conditions violate his constitutional rights, he is free to exhaust his administrative remedies and pursue a separate lawsuit about such conditions.

ORDER

IT IS ORDERED that:

1) Plaintiff Nate Lindell's renewed motion for assistance in recruiting counsel (dkt. 145), renewed motion to proceed on a second amended complaint (dkt. 148), and requests for court action with respect to his legal paperwork (dkts. 150, 154) all are DENIED.

2) Between March 5 and March 10, 2021, each side shall submit a status report on Lindell's placement and his access to legal papers related to his claims in this lawsuit.

Entered this 12th day of January, 2021.

BY THE COURT

/s/

STEPHEN L. CROCKER
Magistrate Judge