IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATE LINDELL,

                              Plaintiff,

    v.

CATHY JESS, *et al.*,

                             Defendants.

ORDER

18-cv-895-wmc

---

Plaintiff Nate Lindell is proceeding in this civil action on Eighth Amendment claims against defendants for their alleged failure to protect him from being shanked on October 8, 2018, at the Wisconsin Secure Program Facility by another prisoner. At plaintiff's request, the court recruited counsel Kendall Harrison and Max Lenz of the law firm of Godfrey & Kahn in Madison, Wisconsin, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter their appearances as plaintiff's *pro bono* counsel for the record.

    The next step is for the court to hold a status conference to reset the trial date in this case. Plaintiff's counsel should contact the Columbia Correctional Institution for purposes of consulting with plaintiff in the preparation of his case whether by phone and/or in person. So that counsel will have sufficient time to consult with plaintiff in advance of the conference, the clerk's office will be directed to set that conference after September 26th as the court's schedule allows.

Plaintiff should appreciate that his attorneys took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorneys of record. Plaintiff must also work directly and cooperatively with his attorneys, as well as those working at their direction, and must permit counsel to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with his lawyers, then he is free to report this to the court, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him, notwithstanding plaintiff's PTSD arising out of the incidents at issue in this lawsuit.

ORDER

IT IS ORDERED that the clerk's office enter Kendall Harrison and Max Lenz of the law firm of Godfrey & Kahn as plaintiff's *pro bono* counsel of record and to set this case for a status conference in late September as the court's schedule allows.

Entered this 3rd day of August, 2022.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge