IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NATE LINDELL,

       Plaintiff,

v.

GARY BOUGHTON,
LEBBEUS BROWN,
C.O. SHAWN GALLINGER, and
MARK KARTMAN,

       Defendants.

OPINION AND ORDER

Case No. 18-cv-895-slc

At the final pretrial conference, I directed the parties to brief the admissibility of Plaintiff's Exhibits 34 and 35 related to the investigation of a May 2018 Prison Rape Elimination Act (PREA) complaint that plaintiff Nate Lindell submitted, and that defendant Mark Kartman reviewed. Having reviewed the parties' input (dkts. 289, 290), and I am sustaining defendants' objections to these exhibits as follows.

Lindell wants to introduce evidence that after he submitted the PREA complaint, the inmate about whom Lindell had complained (Tinnon) learned of the complaint because the investigator interviewed that inmate directly. Lindell's evidence shows that Kartman was aware of this investigation; therefore, contends Lindell, Kartman would have reason to believe that Lindell was at heightened risk of being attacked by other inmates, including Jesse Keith. Lindell contends that this evidence is relevant to demonstrate the extent of Kartman's knowledge that Lindell was at risk of harm from other inmates.

Defendants' objections are well-taken. They argue that the PREA complaint and investigation are irrelevant; even if marginally relevant to Lindell's trial claims, this evidence would cause confusion and unfairly prejudice defendants. Critically, defendants point out that

1

Lindell has no evidence that Lindell was actually outed as a PREA complainant or a snitch to Keith, or that any of the defendants knew that Keith was aware that Lindell made a complaint.

Defendants also contend that there is no evidence that Lindell was outed *at all*, and they piece apart the documentary evidence to argue that Tinnon may not have known that Lindell was the complainant. Although this is a fair relevance argument, there is enough here to suggest that Tinnon may have known that Lindell was the complainant, or, more importantly, that Kartman was aware that Lindell *believed* Tinnon knew he was the complainant. This is where Rule 403 balancing comes in. Allowing this evidence would cause confusion as to how the jury should be considering the PREA investigation, and it would unfairly prejudice defendants by suggesting that prison officials may have mishandled a sexual-harassment-related complaint, when the question to answered at trial is whether Kartman had any reason to believe that Keith posed a substantial risk of harm to Lindell. Without a proffer from Lindell that Keith was motivated by, or knew about, Lindell's May 2018 PREA complaint about Tinnon, I am excluding this evidence under Rule 403..

## ORDER

It is ORDERED that defendants' objections to plaintiff's Exhibits 33 and 34 are sustained.

Entered this 17th day of July, 2023.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge